**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA LP, ASTRAZENECA AB, AND ASTRAZENECA PHARMACEUTICALS LP,<br><br>Plaintiffs,<br><br>v.<br><br>HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA, INC.,<br><br>Defendants. | C.A. No. 15-1041-RGA |

**DEFENDANTS HEC PHARM CO., LTD., HEC PHARM GROUP, AND HEC PHARM USA, INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants HEC Pharm Co., Ltd., HEC Pharm Group ("HEC Group")[1] and HEC Pharm USA, Inc. (collectively, "HEC") hereby answer the Complaint for Patent Infringement ("Complaint") filed by Plaintiffs AstraZeneca LP, AstraZeneca AB, and AstraZeneca Pharmaceuticals LP ("AstraZeneca") as follows:

**NATURE OF THE ACTION**[2]

1. Denied as a conclusion of law to which no response is required. To the extent a response is required, HEC admits that the Complaint purports to be an action for patent infringement arising under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq*; and that HEC Pharm Co., Ltd. filed Abbreviated New Drug Application ("ANDA") No. 208508 with the

---

[1] HEC Pharm Group is not a legal entity and thus, is not a proper party to this action. Without waiving any rights thereto, HEC responds to the Complaint on behalf of all three named defendants.

[2] Headings are included here for convenience only based on the headings provided in the Complaint, and are not intended as any admission by HEC as to any statements provided in the headings.

United States Food and Drug Administration ("FDA") seeking approval for commercial marketing of HEC Pharm Co., Ltd.'s ticagrelor 90 mg tablet products ("HEC's Ticagrelor Product") prior to expiration of U.S. Patent Nos. 7,265,124 ("the '124 patent") and U.S. Patent No. 8,425,934 ("the '934 patent"). HEC denies that HEC Pharm Group and HEC Pharm USA, Inc. filed ANDA No. 208508. HEC otherwise denies the allegations in paragraph 1 of the Complaint.

2. HEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 2 of the Complaint and therefore denies them.

3. HEC admits that the FDA's publication, *Approved Drug Products with Therapeutic Equivalence Evaluations*, *i.e.*, the "Orange Book" identifies AstraZeneca LP as the applicant for New Drug Application No. 022433 for Ticagrelor, which is listed as having the proprietary name of Brilinta. HEC lacks sufficient information to form a belief as to the truth or falsity as to the remaining allegations in paragraph 3 of the Complaint and therefore denies them.

4. HEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint and therefore denies them.

5. HEC admits that HEC Pharm Co., Ltd. sent a Notice Letter dated September 29, 2015 addressed to AstraZeneca Pharmaceuticals LP, located in Wilmington DE. HEC otherwise denies the allegations in paragraph 5 of the Complaint.

6. HEC Pharm Group (defined by Plaintiffs as "HEC Group") is not a legal entity. Therefore, HEC denies the allegations in paragraph 6 of the Complaint.

7. HEC Pharm Group (defined by Plaintiffs as "HEC Group") is not a legal entity. Therefore, HEC denies the allegations in paragraph 7 of the Complaint.

8. HEC admits that HEC Pharm Co., Ltd. is a company organized and existing under the laws of China, having a place of business at Binjiang Road 62, Yidu, Yichang, 443300, Hubei, China. HEC denies the remaining allegations in paragraph 8 of the Complaint.

9. HEC admits that HEC Pharm USA, Inc. is a company organized and existing under the laws of New Jersey, having a place of business at 116 Village Blvd, Suite 200, Princeton, NJ 08540. HEC admits that HEC Pharm USA, Inc. is identified as the US Agent for HEC Pharm Co., Ltd. with respect to the submission of ANDA No. 208508. HEC denies the remaining allegations in paragraph 9 of the Complaint.

10. HEC admits that HEC Pharm USA, Inc. sells certain approved generic drug products in the United States. HEC denies the remaining allegations in paragraph 10 of the Complaint.

## JURISDICTION AND VENUE

11. HEC reaffirms and incorporates by reference its responses to paragraph 1-10 of the Complaint.

12. Denied as a conclusion of law to which no response is required. To the extent a response is required, HEC admits that the Complaint purports to be an action for patent infringement arising under the United States Patent Laws, Title 35 U.S.C. § 100 *et seq*. HEC does not contest subject matter jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 12 of the Complaint.

13. Denied as a conclusion of law to which no response is required. HEC does not contest venue solely for purposes of this action. HEC otherwise denies the allegations in paragraph 13 of the Complaint.

14. HEC Pharm Group (defined by Plaintiffs as “HEC Group”) is not a legal entity. Therefore, HEC denies the allegations in paragraph 14.

15. The allegations of paragraph 15 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. does not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 15 of the Complaint.

16. The allegations of paragraph 16 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm USA, Inc. does not contest personal jurisdiction solely for purposes of this action. HEC admits that HEC Pharm USA, Inc. sells certain approved generic drug products in the United States. HEC otherwise denies the remaining allegations in paragraph 16 of the Complaint.

17. HEC admits that the quoted language of paragraph 17 can be found at http://www.hecpharm.com/about-hec/hec-group.html. To the extent paragraph 17 of the Complaint contains any other factual assertions to which a response is required, HEC denies the remaining allegations in paragraph 17 of the Complaint.

18. The allegations of paragraph 18 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 18 of the Complaint.

19. The allegations of paragraph 19 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not personal jurisdiction solely

for purposes of this action. HEC otherwise denies the allegations in paragraph 19 of the Complaint.

20. The allegations of paragraph 20 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 20 of the Complaint.

21. The allegations of paragraph 21 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 21 of the Complaint.

22. HEC admits that HEC Pharm Co., Ltd. filed ANDA No. 208508 seeking approval for commercial marketing of HEC's Ticagrelor Product. The allegations of paragraph 22 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 22 of the Complaint.

23. HEC admits that the Court entered D.I. Nos. 27 and 46 in C.A. No. 15-cv-00151. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 23 of the Complaint.

24. HEC admits that HEC Pharm Co., Ltd. sent a Notice Letter dated September 29, 2015 addressed to AstraZeneca Pharmaceuticals LP, located in Wilmington DE, but denies that such act is sufficient to confer jurisdiction over HEC Pharm Co., Ltd., HEC Pharm Group and/or HEC Pharm USA, Inc. The allegations of paragraph 24 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 24 of the Complaint.

25. HEC admits that D.I. No. 22 included the words cited by Plaintiffs. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 25 of the Complaint.

26. HEC admits that HEC Pharm Co., Ltd. sent a Notice Letter dated September 29, 2015 addressed to AstraZeneca Pharmaceuticals LP, located in Wilmington DE, but denies that such act is sufficient to confer jurisdiction over HEC Pharm Co., Ltd., HEC Pharm Group and/or HEC Pharm USA, Inc. The allegations of paragraph 26 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 26 of the Complaint.

27. The allegations of paragraph 27 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC admits that HEC Pharm USA, Inc. sells certain approved

generic drug products in the United States. HEC otherwise denies the remaining allegations in paragraph 27 of the Complaint.

28. HEC admits that HEC Pharm Inc. was registered as a Delaware corporation, with a formation date of November 2, 2009, and is listed under file number 4748880. The allegations of paragraph 28 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 28 of the Complaint.

29. HEC admits that Sunshine Lake LLC is a Delaware limited liability company with a formation date of February 14, 2006 and its listed registered agent is Valis Group Inc., 501 Silverside Rd Ste. 105, Wilmington, DE 19809. The allegations of paragraph 29 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 29 of the Complaint.

30. HEC admits that Lannett Company, Inc. issued a press release that can be found at http://www.businesswire.com/news/home/20140512005747/en/Lannett-Announces-Multi-Services-Agreement-Sunshine-Lake-LLC, and that the press release makes the following statements: "[Lannett Company, Inc.] entered into distribution and contract manufacturing services agreements with Sunshine Lake LLC, the U.S. subsidiary of the HEC Pharm Group (HEC) of Shenzhen, Guangdong Province, China," "Under terms of the distribution agreement, Lannett will be the exclusive distributor in the U.S. for Sunshine Lake's Zidovudine generic pharmaceutical product in finished dosage form," and "The companies have also agreed to co-

develop, over the next three years, 25 dosage formulations, with Sunshine Lake providing management services and expertise to scale up and commercialize products at Lannett's Philadelphia, PA facilities." The allegations of paragraph 30 appear to be directed to whether the Court has personal jurisdiction over Defendants, which is a legal conclusion to which no response is required. HEC Pharm Co., Ltd. and HEC Pharm USA, Inc. do not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the remaining allegations in paragraph 30 of the Complaint.

31. Denied as a conclusion of law to which no response is required. HEC does not contest personal jurisdiction solely for purposes of this action. HEC otherwise denies the allegations in paragraph 31 of the Complaint.

## PATENTS-IN-SUIT

32. HEC admits that U.S. Patent No. 7,265,124 ("the '124 patent") is entitled "Cristalline and Amorphous Form of a Triazolo (4,5-D) Pyridimine Compound." HEC admits that the '124 patent indicates on its face that it was issued on September 4, 2007. HEC admits that a copy of what purports to be the '124 patent was attached to the Complaint as Exhibit A. HEC otherwise denies the allegations in paragraph 32 of the Complaint.

33. HEC admits that U.S. Patent No. 8,425,934 ("the '934 patent") is entitled "Pharmaceutical Compositions." HEC admits that the '934 patent indicates on its face that it was issued on April 23, 2013. HEC admits that a copy of what purports to be the '934 patent was attached to the Complaint as Exhibit B. HEC otherwise denies the allegations in paragraph 33 of the Complaint.

34. HEC admits that the Orange Book identifies AstraZeneca LP as the applicant for New Drug Application No. 022433 for Ticagrelor, which is listed as having the proprietary name of Brilinta. HEC admits that the '124 and '934 patents have been listed for NDA No. 022433 in

the Orange Book. HEC admits that the Orange Book lists dosage strengths of 60 mg and 90 mg for NDA No. 022433. HEC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in paragraph 34 of the Complaint and therefore denies the same.

**INFRINGEMENT BY DEFENDANT**

35. HEC reaffirms and incorporates by reference its responses to paragraph 1-34 of the Complaint.

36. HEC admits that on September 29, 2015 it sent a letter to AstraZeneca entitled "Notice of Certification Under 21 U.S.C. § 355(j)(2)(B) (§ 505(j)(2)(B)) of Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95 of Abbreviated New Drug Application No. 208508 for HEC Pharm Co., Ltd.'s Ticagrelor Tablet 90mg" ("the Notice Letter"). HEC admits that HEC Pharm Co., Ltd. filed ANDA No. 208508 seeking approval for commercial marketing of HEC's Ticagrelor Product. HEC otherwise denies the allegations in paragraph 36 of the Complaint.

37. HEC admits that the Notice Letter states that HEC Pharm Co., Ltd. seeks to obtain approval to engage in the commercial manufacture, use, importation and sale of HEC's Ticagrelor Product prior to the expiration of the '124 and '934 patents. HEC otherwise denies the allegations in paragraph 37 of the Complaint.

38. HEC admits that the Notice Letter provides notice that ANDA No. 208508 contained a paragraph IV certification asserting that the manufacture, use, importation, sale and offer for sale of HEC's Ticagrelor Product will not infringe the claims of the '124 and '934 patents and/or that the claims of the '124 and 934 patents are invalid

39. HEC lacks sufficient information to form a belief as to the truth or falsity of the allegations in paragraph 39 of the Complaint and therefore denies them.

**COUNT I (INFRINGEMENT OF THE ’124 PATENT)**

40. HEC reaffirms and incorporates by reference its responses to paragraph 1-39 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

**COUNT II (INFRINGEMENT OF THE ’934 PATENT)**

44. HEC reaffirms and incorporates by reference its responses to paragraph 1-43 of the Complaint.

45. Denied.

46. Denied.

**RESPONSE TO PRAYER FOR RELIEF**

HEC denies that AstraZeneca is entitled to the judgment and relief prayed for in paragraphs (A) – (E) of the Complaint.

**AFFIRMATIVE DEFENSES**

HEC alleges and asserts the following affirmative defenses in response to the allegations in the Complaint.

**First Affirmative Defense**

1. The submission of ANDA No. 208508 to the FDA and the manufacture, use, offer for sale, sale or importation of HEC’s Ticagrelor Product do not and will not infringe (either literally or under the doctrine of equivalents), directly or indirectly (either by inducement or contributorily), an valid and enforceable claim of the ‘124 and ‘934 patents.

**Second Affirmative Defense**

2. The claims of the ’124 and ’934 patents are invalid for failure to comply with one or more of the requirements of 35 U.S.C. §§ 101, 102, 103, 112 and/or for double patenting.

**Third Affirmative Defense**

3. The Complaint fails to state a claim upon which relief can be granted.

**Fourth Affirmative Defense**

4. The Complaint fails to state a claim for declaring this to be an exceptional case.

**Fifth Affirmative Defense**

5. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the ’124 and ’934 patents and/or any related patents or patent applications, AstraZeneca is estopped from construing any claim of the ’124 and ’934 patents to cover or include, either literally or under the doctrine of equivalents, HEC’s Ticagrelor Product.

**Reservation of Additional Defenses**

6. HEC reserves all affirmative defenses under the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses at law or in equity, that may now exist or in the future be available based on discovery.

**COUNTERCLAIMS**

Defendant/Counterclaim-Plaintiff HEC Pharm Co., Ltd. (“HEC Co.”) asserts the following Counterclaims against Plaintiffs/Counterclaim-Defendants AstraZeneca LP, AstraZeneca AB, and AstraZeneca Pharmaceuticals LP (“AstraZeneca”) that U.S. Patent Nos. 7,265,124 (“the ’124 patent”) and 8,425,934 (“the ’934 patent”) are not infringed by the product described in ANDA No. 208508 and/or are invalid for violation of one or more provisions of Title 35 of the United States Code, including 35 U.S.C. § 100 *et seq*.

**PARTIES**

1. HEC Co. is a company organized and existing under the laws of China, having a place of business at Binjiang Road 62, Yidu, Yichang, 443300, Hubei, China.

2. On information and belief, AstraZeneca LP is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

3. On information and belief, AstraZeneca AB is a company operating and existing under the laws of Sweden, with its principal place of business at SE-151 85 Södertälje, Sweden.

4. On information and belief, AstraZeneca AB purports to be the owner of the ’124 and ’934 patents.

5. On information and belief, AstraZeneca Pharmaceuticals LP is a limited partnership operating and existing under the laws of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

**JURISDICTION AND VENUE**

6. HEC Co. realleges and incorporates by reference, as if fully set forth herein, the allegations contained in preceding paragraph 1-5 of these Counterclaims.

7. These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the Medicare Prescription Drug, Improvement, and Modernization Act of 2003, 21 U.S.C. § 355(j).

8. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. In light of AstraZeneca’s allegations that HEC Co. has infringed the ’124 and ’934 patents by submission of ANDA No. 208508, and HEC Co.’s denial of such allegations, there exists a real and immediate controversy between HEC Co. and AstraZeneca concerning the

’124 and ’934 patents. This Court, therefore, has jurisdiction over this dispute under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 and by AstraZeneca’s choice of forum.

11. This Court has personal jurisdiction over AstraZeneca for at least the reason that it has availed itself of and subjected itself to the jurisdiction of this Court by virtue of its filing of the Complaint in this action.

**COUNT I**
**(Declaratory Judgment of Non-Infringement of the ’124 patent)**

12. HEC Co. realleges and incorporates by reference, as if fully set forth herein, the allegations contained in preceding paragraphs 1-11 of these Counterclaims.

13. AstraZeneca, as the purported holder of the entire right, title, and interest in the ’124 patent, has sued HEC Co. in the present action, alleging infringement of one or more claims of the ’124 patent.

14. An actual case or controversy exists between HEC Co. and AstraZeneca as to whether the ’124 patent is not infringed by HEC Co.

15. A judicial declaration is necessary and appropriate so that HEC Co. may ascertain its rights regarding the ’124 patent.

16. HEC Co. has not infringed and will not infringe, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ’124 patent.

**COUNT II**
**(Declaratory Judgment of Invalidity of the ’124 patent)**

17. HEC Co. realleges and incorporates by reference, as if fully set forth herein, the allegations contained in preceding paragraphs 1-16 of these Counterclaims.

18. AstraZeneca, as the purported holder of the entire right, title, and interest in the ’124 patent, has sued HEC Co. in the present action, alleging infringement of one or more claims of the ’124 patent.

19. An actual case or controversy exists between HEC Co. and AstraZeneca concerning the validity of the ’124 patent by virtue of AstraZeneca’s assertion of infringement by HEC Co.

20. A judicial declaration is necessary and appropriate so that HEC Co. may ascertain its rights regarding the ’124 patent.

21. The claims of the ’124 patent are invalid for failure to comply with one or more of the statutory requirements of patentability set forth in at least 35 U.S.C. §§ 101, 102, 103, 112 and/or for double-patenting.

**COUNT III**
**(Declaratory Judgment of Non-Infringement of the ’934 patent)**

22. HEC Co. realleges and incorporates by reference, as if fully set forth herein, the allegations contained in preceding paragraphs 1-21 of these Counterclaims.

23. AstraZeneca, as the purported holder of the entire right, title, and interest in the ’934 patent, has sued HEC Co. in the present action, alleging infringement of one or more claims of the ’934 patent.

24. An actual case or controversy exists between HEC Co. and AstraZeneca as to whether the ’934 patent is not infringed by HEC Co.

25. A judicial declaration is necessary and appropriate so that HEC Co. may ascertain its rights regarding the ’934 patent.

26. HEC Co. has not infringed and will not infringe, either literally or under the doctrine of equivalents, directly or indirectly, any valid and enforceable claim of the ’934 patent.

**COUNT IV**
**(Declaratory Judgment of Invalidity of the '934 patent)**

27. HEC Co. realleges and incorporates by reference, as if fully set forth herein, the allegations contained in preceding paragraphs 1-26 of these Counterclaims.

28. AstraZeneca, as the purported holder of the entire right, title, and interest in the '934 patent, has sued HEC Co. in the present action, alleging infringement of one or more claims of the '934 patent.

29. An actual case or controversy exists between HEC Co. and AstraZeneca concerning the validity of the '934 patent by virtue of AstraZeneca's assertion of infringement by HEC Co.

30. A judicial declaration is necessary and appropriate so that HEC Co. may ascertain its rights regarding the '934 patent.

31. The claims of the '934 patent are invalid for failure to comply with one or more of the statutory requirements of patentability set forth in at least 35 U.S.C. §§ 101, 102, 103, 112 and/or for double-patenting.

**PRAYER FOR RELIEF**

WHEREFORE HEC CO. prays for:

A. A judgment dismissing the Complaint with prejudice;

B. A judgment providing that AstraZeneca will not be awarded any relief requested in its Complaint;

C. A judgment that the submission of ANDA No. 208508 to the FDA has not infringed, contributed to the infringement of, or induced the infringement of, and will not infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '124 and '934 patents;

D. A judgment that the manufacture, use, sale, offer for sale, marketing or importation into the United States of HEC's Ticagrelor Product has not infringed, contributed to the infringement of, or induced the infringement of, and will not infringe, contribute to the infringement of, or induce the infringement of any valid and enforceable claim of the '124 and '934 patents;

E. A judgment declaring each claim of the '124 and '934 patents invalid;

F. A judgment deeming this to be an exceptional case under 35 U.S.C. § 285 and awarding HEC Co. its reasonable attorneys' fees, expenses, and costs; and

G. An award of any such other and further relief as the Court may deem just and proper.

Dated: December 21, 2015

BAYARD, P.A.

/s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
Sara E. Bussiere (sb5725)
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com
sbussiere@bayardlaw.com

*Attorneys for Defendants HEC Pharm Co., Ltd. and HEC Pharm USA, Inc.*

*Of Counsel:*

Liane M. Peterson
Bradley D. Roush
FOLEY & LARDNER LLP
Washington Harbour
3000 K Street, NW, Suite 600
Washington, DC 20007
(202) 672-5300
lpeterson@foley.com
broush@foley.com

Ramy E. Hanna (rh5494)
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
(212) 682-7474
rhanna@foley.com