**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ASTRAZENECA LP, ASTRAZENECA AB, and ASTRAZENECA PHARMACEUTICALS LP,<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>HEC PHARM CO., LTD., HEC PHARM GROUP, and HEC PHARM USA, INC.,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 15-1041-RGA |

**PLAINTIFFS' ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiffs/Counterclaim Defendants AstraZeneca LP, AstraZeneca AB, and AstraZeneca Pharmaceuticals LP (collectively, "Plaintiffs" or "AstraZeneca"), by their undersigned counsel, hereby reply to the Counterclaims of Defendants/Counterclaim Plaintiffs HEC Pharm Co. Ltd., HEC Pharm Group, and HEC Pharm USA ("HEC" or "Defendants") contained in "Defendants HEC Pharm Co., Ltd., HEC Pharm Group, and HEC Pharm USA Inc.'s Answer, Affirmative Defenses, and Counterclaims," filed December 21, 2015 ("Answer"; D.I. 13).

**ANSWER TO DEFENDANTS' COUNTERCLAIMS**

**PARTIES**

1. Upon information and belief, Plaintiffs admit the allegations of paragraph 1.

2. Plaintiffs admit the allegations of paragraph 2.

3. Plaintiffs admit the allegations of paragraph 3.

4. Plaintiffs admit that AstraZeneca AB is the owner and assignee of the ’124 and ’934 Patents.

5. Plaintiffs admit the allegations of paragraph 5.

**JURISDICTION AND VENUE**

6. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-5 of HEC’s Counterclaims.

7. The allegations of paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that HEC purports to state one or more causes of action under 35 U.S.C. § 100 *et seq.*; 28 U.S.C. §§ 2201 and 2202; and 21 U.S.C. § 355(j), but deny that HEC is entitled to the relief that it seeks. Plaintiffs deny any remaining allegations of paragraph 7.

8. The allegations of paragraph 8 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that this Court has subject matter jurisdiction over Plaintiffs for purposes of this action only to the extent that HEC’s Counterclaims arise out of the United States Patent Act. Plaintiffs deny any remaining allegations of paragraph 8.

9. The allegations of paragraph 9 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that a lawsuit was brought in this Court against HEC regarding the ’124 and ’934 Patents, that HEC purports to have submitted ANDA No. 208508, and that HEC purports to bring a cause of action under 28 U.S.C. §§ 2201 and 2202. Plaintiffs deny that HEC is entitled to the relief that it seeks. Plaintiffs deny any remaining allegations of paragraph 9.

10. The allegations of paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that venue is proper in this action for purposes of this action only. Plaintiffs deny any remaining allegations of paragraph 10.

11. The allegations of paragraph 11 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs do not contest that this Court has personal jurisdiction over Plaintiffs for purposes of this action only. Plaintiffs deny any remaining allegations of paragraph 11.

**ANSWER TO COUNT I**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '124 PATENT)**

12. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-11 of HEC's Counterclaims.

13. Plaintiffs admit that AstraZeneca AB is the holder of the entire right, title, and interest in the '124 Patent. Plaintiffs further admit that they have sued HEC in the present action, alleging infringement of one or more claims of the '124 Patent. Plaintiffs deny any remaining allegations of paragraph 13.

14. The allegations of paragraph 14 contain legal conclusions to which no response is required. Plaintiffs deny any remaining allegations of paragraph 14.

15. Plaintiffs deny the allegations of paragraph 15.

16. Plaintiffs deny the allegations of paragraph 16.

**ANSWER TO COUNT II**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '124 PATENT)**

17. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-16 of HEC's Counterclaims.

18. Plaintiffs admit that AstraZeneca AB is the holder of the entire right, title, and interest in the ’124 Patent. Plaintiffs further admit that they have sued HEC in the present action, alleging infringement of one or more claims of the ’124 Patent. Plaintiffs deny any remaining allegations of paragraph 18.

19. The allegations of paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that they have asserted infringement of the ’124 Patent by HEC. Plaintiffs deny any remaining allegations of paragraph 19.

20. Plaintiffs deny the allegations of paragraph 20.

21. Plaintiffs deny the allegations of paragraph 21.

## ANSWER TO COUNT III
## <u>(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE ’934 PATENT)</u>

22. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-21 of HEC’s Counterclaims.

23. Plaintiffs admit that AstraZeneca AB is the holder of the entire right, title, and interest in the ’934 Patent. Plaintiffs further admit that they have sued HEC in the present action, alleging infringement of one or more claims of the ’934 Patent. Plaintiffs deny any remaining allegations of paragraph 23.

24. The allegations of paragraph 24 contain legal conclusions to which no response is required. Plaintiffs deny any remaining allegations of paragraph 24.

25. Plaintiffs deny the allegations of paragraph 25.

26. Plaintiffs deny the allegations of paragraph 26.

**ANSWER TO COUNT IV**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE ’934 PATENT)**

27. Plaintiffs reallege and incorporate by reference, as if fully set forth herein, their responses to paragraphs 1-26 of HEC’s Counterclaims.

28. Plaintiffs admit that AstraZeneca AB is the holder of the entire right, title, and interest in the ’934 Patent. Plaintiffs further admit that they have sued HEC in the present action, alleging infringement of one or more claims of the ’934 Patent. Plaintiffs deny any remaining allegations of paragraph 28.

29. The allegations of paragraph 19 contain legal conclusions to which no response is required. To the extent a response is required, Plaintiffs admit that they have asserted infringement of the ’934 Patent by HEC. Plaintiffs deny any remaining allegations of paragraph 29.

30. Plaintiffs deny the allegations of paragraph 30.

31. Plaintiffs deny the allegations of paragraph 31.

**AFFIRMATIVE DEFENSES TO DEFENDANTS’ COUNTERCLAIMS**

In response to HEC’s Counterclaims, Plaintiffs assert the following affirmative and other defenses. In asserting these defenses, Plaintiffs do not assume the burden of proof with respect to any issue upon which applicable law places the burden of proof on HEC.

**First Affirmative Defense**

HEC’s Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

**Second Affirmative Defense**

HEC’s Counterclaims, in whole or in part, are non-justiciable.

**Third Affirmative Defense**

Plaintiffs' actions in prosecuting its Complaint and in defending against HEC's Counterclaims do not give rise to an exceptional case finding against Plaintiffs under 35 U.S.C. § 285.

**Fourth Affirmative Defense**

Plaintiffs have not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely upon such other affirmative defenses as may become available or apparent during discovery proceedings. Plaintiffs further reserve the right to amend their Answer and/or their affirmative defenses accordingly, and/or to delete affirmative defenses that Plaintiffs determine during the course of subsequent discovery are not applicable.

**RESPONSE TO DEFENDANTS' PRAYER FOR RELIEF**

Plaintiffs deny that HEC is entitled to any relief as sought in its Counterclaims, or to any relief whatsoever, and Plaintiffs request that all such relief be denied. Further, to the extent any of HEC's Prayer for Relief subparagraphs A-G are determined to state counterclaims, each and every one of the allegations contained therein is denied, except to the extent admitted in AstraZeneca's responses above.

WHEREFORE, Plaintiffs therefore respectfully request the following relief:

A. Dismissing HEC's Counterclaims with prejudice and denying all relief sought by HEC;

B. Awarding Plaintiffs the relief requested in their Complaint; and

C. Awarding Plaintiffs any further and other relief as this Court deems just and proper.

DATED: January 14, 2016

Respectfully submitted,

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Benjamin A. Smyth (#5528)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
bsmyth@mccarter.com

*Attorneys for Plaintiffs AstraZeneca AB, AstraZeneca Pharmaceuticals LP, and AstraZeneca LP*

OF COUNSEL:

Charles E. Lipsey (admitted *pro hac vice*)
Ryan P. O'Quinn (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700
Charles.Lipsey@finnegan.com
Ryan.O'Quinn@finnegan.com

Mark J. Feldstein (admitted *pro hac vice*)
Jill K. MacAlpine (admitted *pro hac vice*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.
901 New York Ave., N.W.
Washington, DC 20001
(202) 408-4000
Mark.Feldstein@finnegan.com
Jill.MacAlpine@finnegan.com